UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

EARL HAYES, (07-A-4800),                              ECF Case
                                                      Docket #:        07-civ-7667
                    Plaintiff,

         -against-                                    **NOTICE OF MOTION**

COUNTY OF SULLIVAN,                                   Assigned to:   Hon. Mark D. Fox, Magistrate

                    Defendant.
--------------------------------------------------------x

     PLEASE TAKE NOTICE that, upon the Amended Complaint verified the 14th day of December, 2007, and the accompanying Memorandum of Law, the Affidavit of Michael Davidoff, Esq., sworn to the 26th day of June, 2008, the defendant County of Sullivan by their attorneys Drew, Davidoff & Edwards Law Offices, LLP, Michael Davidoff, Esq., will move this Court before the Hon. Mark D. Fox, Magistrate Judge on **September 1, 2008** at the United States Courthouse, 300 Quarropos Street, White Plains, New York 10601, for an order pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss plaintiffs' complaint as to said moving defendant with prejudice on the grounds the complaint fails to state a sufficient claim against the moving defendant upon which relief can be granted, and that moving defendant is entitled to judgment as a matter of law.

     PLEASE TAKE FURTHER NOTICE that papers in opposition to this motion are due on or about August 1, 2008.  Defendant's reply is due by September 1, 2008

     PLEASE TAKE FURTHER NOTICE that failure to respond may result in the dismissal of your action.

Dated: Monticello, New York
       June 26, 2008

Yours, etc.,

/s/ _____
Michael Davidoff, Esq. (MD-7501)

DREW, DAVIDOFF & EDWARDS
LAW OFFICES, LLP
Attorneys for Defendant
13 Liberty Street, PO Drawer 1040
Monticello, New York 12701
(845) 794-5000

TO:     EARL HAYES, *Pro Se*
        DIN #: 07-A-4800
        Lyon Mountain Correctional Facility
        3864 Route 374
        Lyon Mountain, New York 12952

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
EARL HAYES, (07-A-4800),                           ECF Case
                                                   Docket #:      07-civ-7667
                            Plaintiff,

        -against-                                  **AFFIDAVIT IN SUPPORT OF
                                                   MOTION TO DISMISS COMPLAINT**
COUNTY OF SULLIVAN,
                                                   Assigned to:   Hon. Mark D. Fox,
                                                                  Magistrate

                            Defendant.
--------------------------------------------------------x
STATE OF NEW YORK      )
                       )      ss:
COUNTY OF SULLIVAN     )

        MICHAEL DAVIDOFF, being duly sworn, deposes and says:

        1.      That your deponent is a partner in the law firm of Drew, Davidoff & Edwards

Law Offices, LLP, attorneys for defendant in the above and submits this affidavit in support of

defendant's motion to dismiss the complaint, with prejudice, pursuant to Rules 12(b)(1) and (6)

of the Federal Rules of Civil Procedure.

        2.      I am personally familiar with the facts set forth herein except for facts set forth

upon information and belief which based on my knowledge of the entire matter, I reasonably

believe them to be true.

        3.      On June 6, 2007 the pro se office of the United States District Court of the

Southern District of New York received plaintiff's initial complaint, a copy of which complaint

is annexed hereto and marked **Exhibit A**.

        4.      The complaint alleged an action under 42 U.S.C. §1983 resulting from plaintiff's

confinement in the Sullivan County Jail.  It asserted allegations of federal constitutional

violations that plaintiff allegedly suffered and continued to suffer since June 6, 2006, while

plaintiff was an inmate at the Sullivan County Jail and for which he sought unspecified monetary and injunctive relief.

5.      By the Order of the Hon. Kimba M. Wood, Chief Judge of the United States District Court dated August 28, 2007 and entered September 4, 2007, plaintiff was directed to submit an amended complaint within sixty (60) days of said Order, a copy of which said Order is annexed hereto and marked **Exhibit B**.

6.      Initially, upon plaintiff's failure to file the amended complaint, a judgment of the Hon. Kimba M. Wood, Chief Judge was entered on December 12, 2007 dismissing the complaint without prejudice, a copy of which judgment is annexed hereto and marked **Exhibit C**.

7.      On December 19, 2007, plaintiff caused an amended complaint to be filed in the pro se office of the United States District Court, Southern District, a copy of which covering letter and amended complaint is annexed hereto and marked **Exhibit D**.  This motion is directed towards that amended complaint.

8.      On April 2, 2008, an Order was entered by the Hon. Kimba M. Wood, District Court Judge, directing the Clerk of the Court to have plaintiff's amended complaint filed and that the date of the amended complaint filing be recorded as being that of December 19, 2007.  The Court therein vacated it's December 12, 2007 judgment and the action was re-opened.  The Clerk of the Court was further directed to issue a Summons with respect to this action wherein the sole defendant is the County of Sullivan and the Clerk of the Court was also directed to reassign the action in accordance with the procedures of the Clerk's office.  Annexed hereto and marked **Exhibit E** is a copy of "full docket text" of the Court's Order concerning the issuance of the Summons.

9.      That an Order for reassignment of the above entitled case to White Plains was

entered by the Hon. Victor Marrero, United States District Judge, dated New York, New York,

April 8, 2008, a copy of which is annexed hereto and marked **Exhibit F**.

      10.     On May 29, 2008, pursuant to proceedings conducted before the Hon. Magistrate

Judge Mark D. Fox, at which time the pro se plaintiff was present pursuant to a writ of habeas

corpus ad testificandum by the Clerk of the United States District Court dated May 5, 2008, your

deponent was permitted to proceed with the instant motion to dismiss wherein the motion was to

be served by July 1, 2008, plaintiff's answering papers were to be served by August 1, 2008 and

any reply to be served by September 1, 2008, and the matter to be fully submitted by September

1, 2008.

## THE AMENDED COMPLAINT REPLACED THE ORIGINAL COMPLAINT

      11.     The plaintiff was advised by Hon. Kimba M. Wood in her Order dated August 28,

2007 (Exhibit B) commencing at page 6 at the beginning of the last sentence as follows:

> Plaintiff is advised that any amended complaint submitted will
> completely replace, not supplement, the original complaint.
> Therefore, any allegations and/or claims plaintiff wishes to
> preserve, must be included in his amended complaint.

      12.     Additionally, commencing at page 5 of Exhibit B, Judge Wood advised the
plaintiff

concerning the amended complaint as follows:

> Plaintiff must provide, in his amended complaint, a short and plain
> statement of the relevant facts supporting each claim against each
> defendant named in its caption.  To the greatest extent possible,
> plaintiff's amended complaint must:
>
> > (a) give the names and titles of all relevant persons;
>
> > (b) describe all relevant events, stating the facts that
> > support plaintiff's case including what each
> > defendant did or failed to do;
>
> > (c) give the dates and times of each relevant event

or, if not known, the approximate date and time of each relevant event;

(d) give the location where each relevant event occurred;
(e) describe how each defendant's acts or failure to act violated plaintiff;'s rights and describe the injuries plaintiff suffered;

(f) state what relief plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of plaintiff's amended complaint must tell the Court: who violated his federal constitutional rights; what facts show that his federal constitutional rights were violated; when such violation(s) occurred; where such violation(s) occurred; and why plaintiff is entitled to relief.

13. In footnote 3 on page 5 of Exhibit B, Judge Wood advised plaintiff how to proceed

if plaintiff could not identify an individual he wished to add as a defendant to his amended complaint.

14. The Court in footnote 4 at page 6 of Exhibit B, attached an "amended complaint form" for plaintiff's convenience and for plaintiff to use in order to comply with the Court's order.

15. The plaintiff failed to utilize the amended complaint form and instead submitted the

amended complaint set forth in Exhibit D above. The amended complaint not only fails to comply with Judge Wood's order, but fails to comply with the Federal Rules. It is deficient as a matter of law and pursuant to F.R.C.P. 12(b)(1) it fails to set forth subject matter jurisdiction and pursuant to F.R.C.P. 12(b)(6) it fails to state a claim upon which relief can be granted.

16. The amended complaint, other than setting forth a "statement of facts",

fails to comply with any of the basic requirements of pleading as set forth in the Federal Rules.

**THE AMENDED COMPLAINT MUST BE DISMISSED
PURSUANT TO RULE 12(b)(1) FOR LACK OF FEDERAL
SUBJECT MATTER JURISDICTION**

17.     The amended complaint, contrary to the provision of Rule 8 of the Federal Rules

of Civil Procedure does not contain a statement of the grounds upon which the Court's

jurisdiction is based.  There is no reference in the amended complaint as to any violation of any

Federal Statute so as to give rise to any subject matter jurisdiction in Federal Court.  While the

original complaint refers to 42 U.S.C. §1983, the amended complaint does not.

18.     Federal Rules of Civil Procedure 8(a)(1) requires that any pleading that states a

claim for relief must contain:

>    (1)     A short and plain statement of the grounds for the Court's
>    jurisdiction, unless the Court already has jurisdiction and the claim
>    needs no new jurisdictional support.

19.     The Court warned the plaintiff that the amended complaint would completely

replace, not supplement the original complaint and since the amended complaint fails to comply

with Rule 8(a)(1), it must be dismissed because of lack of subject matter jurisdiction.

**THE AMENDED COMPLAINT MUST BE DISMISSED
PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF CAN BE GRANTED**

20.     A review of the Amended Complaint shows that it fails to comply with the

requirements that Judge Wood set forth in her prior Order.  (Exhibit B, p. 5.  See paragraphs 11

and 12 of this Affidavit.

21.     The requirements set forth by Judge Wood in her Order are consistent with

Federal Rules of Civil Procedure 8(a), Claims for Relief.

>    A pleading that states a claim for relief, whether an original claim,
>    counter-claim, cross-claim, or third-party claim, shall contain (1) a

short and plan statement of the grounds upon which the court's
jurisdiction depends, unless the court already has jurisdiction and
the claim needs no new grounds of jurisdiction to support it, (2) a
short and plain statement of the claim showing that the pleader is
entitled to relief, and (3) a demand for judgment for the relief the
pleader seeks.  Relief in the alternative or of several different types
may be demanded.

22.    The Amended Complaint fails to comply with the above provisions of Federal

Rules of Civil Procedure, Rule 8 and should be dismissed since it fails to state a claim upon

which relief can be granted.

### THE COMPLAINT MUST BE DISMISSED PURSUANT TO
### FRCP 12(b)(6) ON THE GROUNDS THAT THE PLAINTIFF
### HAS FAILED TO STATE A CLAIM FOR MUNICIPAL LIABILITY

23.    The order of Judge Wood of April 2, 2008 (Exhibit E) permitted the filing of

the amended complaint solely as against the defendant County of Sullivan.  Judge Wood

discussed, in her order of August 28, 2007 (Exhibit B), the law relative to alleging a claim

against the County of Sullivan.

24.    The Court in Exhibit B at page 3 stated:

A §1983 plaintiff alleging violations of his federal constitutional
rights on the part of a municipality, such as Defendant County of
Sullivan, or one of its municipal agencies, must allege facts
demonstrating the existence of an officially adopted policy or
custom of that municipality that caused that plaintiff's injury and a
direct and deliberate causal connection between the policy or
custom and the violations of that plaintiff's federal constitutional
rights. Bd. of County Comm'rs of Bryan County, OK v. Brown,
520 U.S. 397, 403-04 (1997); Monell, 436 U.S. at 694; see also,
Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)
(stating that a mere assertion of a custom or policy is not sufficient
to sustain a §1983 claim against a municipal defendant in the
absence of the allegations of fact).  A plaintiff is prohibited from
seeking relief under §1983 against a municipality under a theory of
*respondeat superior*.  See Monell, 436 U.S. at 691.

25.    The amended complaint does not contain the necessary allegations to allege any

claim against the County of Sullivan.  It does not allege facts demonstrating the existence of an

officially adopted policy or custom of the County that cause plaintiff's injury nor any direct and

deliberate causal connection between that policy or custom and the violations of plaintiff's

federal constitutional rights.

26.     To establish municipal liability in a civil rights case pursuant to 42 U.S.C. §1983,
a

plaintiff must identify a "government policy or custom, whether made by its law makers, or by

those who acts may fairly be said to represent official policy" that inflicts an injury cognizable

under §1983.  Monell v. New York City Department of Social Services, 436 U.S. 658, 694

(1978).  In Monell, the Court held that a municipality may not be held liable under a *respondeat
superior*

theory.  The complaint fails to comply with this standard as against the only defendant, the

County of Sullivan.

27.     For all of the above reasons, you deponent respectfully requests that the plaintiff's

amended complaint be dismissed in its entirety.


<div align="center">

_____/s/_____

MICHAEL DAVIDOFF
</div>

Sworn to before me this
26th day of June, 2008.




_____/s/_____

Notary Public

                         **Julie A. Brennan**
                         **Notary Public, State of New York**
                         **Sullivan County Clerk's #2529**
                         **Commission Expires October 23, 2010**

JUDGE WOOD

07 CIV 7667

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EARL HAYES
_____
_____
_____

(In the space above enter the full name(s) of the plaintiff(s).)

v.

Defendant No. 1 ___SULLIVAN COUNTY JAIL_____

Defendant No. 2 ___COUNTY OF SULLIVAN_____

Defendant No. 3 _____

Defendant No. 4 _____

Defendant No. 5 _____

(In the space above enter the full name(s) of the defendant(s). If
you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and attach
an additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. No addresses should be included here.)

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983

Jury Trial: Yes ✓   No ___
(check one)

I.      **Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of
        confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
        as necessary.

Plaintiff       Name  _EARL HAYES_____
                ID #  _05-1501_____
                Current Institution  _SULLIVAN COUNTY JAIL_____
                Address  _4 BUSHNELL AVENUE_____
                         _MONTICELLO, NEW YORK 12701_____

B.      List all defendants' names, positions, places of employment, and the address where each defendant
        may be served. Make sure that the defendant(s) listed below are identical to those contained in the
        above caption. Attach additional sheets of paper as necessary.

JUN 0 ... 
SEE OFFICE

1

Defendant No. 1    Name _Sullivan County Jail_    Shield # _N/A_
Where Currently Employed ___—___
Address _4 Bushnell Avenue_
_____Monticello, New York 12701_

Defendant No. 2    Name _County of Sullivan_    Shield # _N/A_
Where Currently Employed ___—___
Address
_____Monticello, New York 12701_

Defendant No. 3    Name _____    Shield # _____
Where Currently Employed _____
Address _____
_____

Defendant No. 4    Name _____    Shield # _____
Where Currently Employed _____
Address _____
_____

Defendant No. 5    Name _____    Shield # _____
Where Currently Employed _____
Address _____
_____

## II.    Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur? _Sullivan County_
_Jail_

B.    Where in the institution did the events giving rise to your claim(s) occur? _The First Event_
_took place in the shower on Tier CL2 in the C-Block Housing Unit._
_The other events took place within the Sullivan County Jail._

C.    What date and approximate time did the events giving rise to your claim(s) occur? _The First_
_Event took place on or about June 6, 2006. The other events have_
_taken place over the course of the past 18 months (11-2005 through 05-200_

2

**D.    Facts:** On or about June 6, 2006 I was taking a shower on Tier C12 in Housing Unit C-Block. As I was rinsing soap off of my body, the water temperature suddenly became extremely hot which caused me to get scalded on my testicles and penis. I submitted a written request to be seen by the medical staff. I was not called down to be seen by the medical staff so I submitted a follow-up request a day or two later. I wasn't called down to be seen by the medical staff so I submitted a written grievance. My grievance went unanswered. (End of first event) I have filed grievances about a number of problems that I have had at this facility. The law library is inadequate. I am a pro-se defendant in a criminal matter and I am receiving sporadic access to the law library while prisoners who are represented by counsel receive access to the law library more frequently than me. Those prisoners spend their time in the law library socializing, and this prevents me from accessing the law library. The facility forces prisoners to choose between going to law library or going to recreation. If I am in recreation and I am called to the law library, and I tell the officers that I want to finish my rec period, then I am denied access to the law library. The same thing happens the other way around. If shaving razors are handed out while I am at the law library, then I am denied a razor upon my return to the housing unit. I have been forced to choose between going to see a visitor who has come to see (visit) me and accessing the law library. (Continued on separate page)

**Boxes (left margin):** What happened to you? / Who did what? / Was anyone else involved? / Who else saw what happened?

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. I experienced a tingling sensation in my private parts and I felt pain and discomfort for approximately one week. It was substantial pain whenever I urinated for the first 36 hours following the burning. There was redness around the area where I was burned and the area was tender.

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?
Yes _✓_    No ____

FACTS CONTINUED--PAGE 2

Naturally, I choose to go on the visit. I am denied access to the
law library. The procedure to access the law library is inadequate.
Prisoners must fill out a "law library request form" and give it
to the jail officer. The jail officer is supposed to turn it in
before the end of his/her tour/shift. The officers routinely fail
to turn in the forms and the prisoners don't get called down to the
law library because "we didn't submit a law library request." The
current procedures leave plenty of room for error or abuse. Officers
leave the forms on the desk in the Housing Unit, or they put them
in their pocket and inadvertently take them home, or they simply
throw them away. Many prisoners including myself are denied access
to the law library because of the flawed procedural policy.

     The grievance procedure itself is flawed. I have submitted
grievances about every issue that I complain of herein. The griev-
ance procedure is designed to discourage prsioners from submitting
grievances. There is no grievance receptacle wherein a prisoner
may deposit a completed grievance. Prisoners must submit grievances
to one officer, Corporal Calangelo. She works the 8 A.M. to 4 P.M.
shift. We must wait for her to make a tour of the housing unit,
which she may or may not do on any given day when she is working.
She doesn't work every day, which means that there are times when
we must hold the grievances for days before we have any chance of
submitting them. She has also been on vacation when we have wanted
to submit grievances. These factors have caused prisoners to wait
days to submit grievances. Sometimes prisoners lose or misplace
grievances during the days that we are forced to wait. Other times
we may forget about the grievances after being forced to wait
several days. There have also been instances where officers who,
fearing that a grievance would be submitted about inappropriate
conduct by the officer in question or a fellow officer, refused to
give me (and other prisoners) the grievance form or told us that
the jail police states that the facility has 24 hours to provide
prisoners with a grievance. There are other times when the officers
simply told me and other prisoners that there were no grievance
forms in the entire facility.

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). Sullivan County Jail

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ✓      No ____      Do Not Know ____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ✓      No ____      Do Not Know ____

If YES, which claim(s)? It is supposed to cover all of the claims.

D.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose not cover some of your claim(s)?

Yes ____      No ✓      Do Not Know ____

If YES, which claim(s)? It is supposed to cover all of the claims.

E.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ✓      No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____      No ✓

F.      If you did file a grievance, about the events described in this complaint, where did you file the grievance? At the Sullivan County Jail.

1.      Which claim(s) in this complaint did you grieve? Every claim mentioned herein.

2.      What was the result, if any? The facility claimed that corrective action would be taken on every claim but the shower grievance. The shower grievance was ignored.

3.      What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. I didn't appeal because the grievance officer always said that corrective action would be taken thereby precluding an appeal.

G.      If you did not file a grievance, did you inform any officials of your claim(s)?

4

Yes ✓   No _____

1.   If YES, whom did you inform and when did you inform them? _I WROTE LETTERS_
_TO LT. COLE, CAPTAIN GINTY, COLONEL SMITH AND SHERIFF SCHIFF OVER_
_THE COURSE OF SEVERAL MONTHS._

2.   If NO, why not?   _N/A_ _____

_____

_____

_____

I.   Please set forth any additional information that is relevant to the exhaustion of your administrative
remedies.  _I did not file any Appeals Regarding my grievances Because_
_Promises were Being made to Take corrective Action and those promises_
_would serve to moot my Appeals. I decided to file this complaint_
_in federal court Because I want to preserve my right to Bring the_
_complaint and I don't anticipate Being at the jail much longer._

_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your
administrative remedies.

V.   **Relief:**

State what you want the court to do for you.  _I AM SEEKING PUNITIVE, COMPENSATORY_
_and injunctive Relief. I AM SEEKING MONETARY damages for my_
_injuries and injunctive Relief (Consent decree, etc.) for the damages_
_sustained By the policies of the facility._

_____

_____

_____

_____

_____

_____

_____

VI.   **Previous lawsuits:**

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this
action?

On these claims

Yes _____   No ✓

B.   If your answer to A is YES, describe each lawsuit in questions 1 through 7 on the next page.  (If

5

there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.    Parties to this previous lawsuit:
Plaintiff _____ N/A _____

Defendants _____ N/A _____

    2.    Court (if federal court, name the district; if state court, name the county) _____
_____ N/A _____

    3.    Docket or Index number _____ N/A _____

    4.    Name of Judge assigned to your case _____ N/A _____

    5.    Approximate date of filing lawsuit _____ N/A _____

    6.    Is the case still pending?  Yes ____  No ____
If NO, give the approximate date of disposition _____ N/A _____

    7.    What was the result of the case? (for example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____ N/A _____

_____

_____

**On other claims**

D.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?  Yes ____  No ✓

E.    If your answer to D is YES, describe each lawsuit in questions 1 through 7 on the next page.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.    Parties to this previous lawsuit:
Plaintiff _____ N/A _____

Defendants _____ N/A _____

    2.    Court (if federal court, name the district; if state court, name the county) ___ N/A ___

_____

    3.    Docket or Index number _____ N/A _____

    4.    Name of Judge assigned to your case _____ N/A _____

    5.    Approximate date of filing lawsuit: _____ N/A _____

    6.    Is the case still pending?   Yes ____  No ____
If NO, give the approximate date of disposition _____ N/A _____

    7.    What was the result of the case? (for example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____ N/A _____

_____

_____

Signed this 02 day of June_____, 200_7_. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Plaintiff    _Earl Hayes_

Inmate Number    _05-1501_

Mailing address    _Sullivan County Jail_
_4 Bushnell Avenue_
_Monticello, NY 12701_

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 02 day of June_____, 20__, I will deliver this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _Earl Hayes_

rev. 09/04

7

7667

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

EARL HAYES,

                  Plaintiff,

        -against-                                                 **ORDER**

SULLIVAN COUNTY JAIL,
COUNTY OF SULLIVAN,

                Defendants.
--------------------------------------------------------------------------X

       Plaintiff, appearing *pro se* and presently confined in the Sullivan County Jail, brings an action

under 42 U.S.C. § 1983.[1]  Plaintiff's claims appear to arise from allegations of federal constitutional

violations that Plaintiff has allegedly suffered and has continued to suffer since June 6, 2006, while

Plaintiff has been held in the Sullivan County Jail.  Plaintiff seeks unspecified monetary and injunctive

relief.  Plaintiff's request to proceed *in forma pauperis* is granted, however, for the following reasons,

Plaintiff is directed to submit an amended complaint within sixty (60) days of the date of this order.

<div align="center">DISCUSSION</div>

### Plaintiff's § 1983 Claims Against Defendant Sullivan County Jail And Personal Involvement Of Individuals

       Section 1983 provides a plaintiff a vehicle for the redress of violations of that plaintiff's federal

constitutional rights when such violations are carried out by persons acting under color of state law.

See § 1983; Blessing v. Freestone, 520 U.S. 329, 340 (1997).  Plaintiff is advised that "[a] prison

facility is not a person subject to suit under § 1983."  Brims v. Tracy, No. 93 Civ. 3233, 1996 WL

153696 (DC), at *2 (S.D.N.Y. Apr. 3, 1996); Griffin v. Rikers Island House of Det. for Men, No. 91

---

[1] The Court's *Pro Se* Office received Plaintiff's complaint on June 6, 2007.

Civ. 1694 (LBS), 1993 WL 17203, at *1 (S.D.N.Y. Jan. 19, 1993) (citing Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989)). Thus, to the extent Plaintiff raises § 1983 claims against Defendant Sullivan County Jail, such claims are dismissed. Also, "a plaintiff must establish a given [individual] defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983." Patterson v. County of Oneida, 375 F.3d 206, 229 (2d Cir. 2004). In the case of supervisors, a § 1983 plaintiff must allege facts demonstrating that an individual defendant had actual or constructive notice of the alleged violations of the plaintiff's federal constitutional rights and demonstrated "'gross negligence' or 'deliberate indifference' by failing to act." Meriwether v. Coughlin, 879 F.2d 1037, 1048 (2d Cir. 1989) (quoting McCann v. Coughlin, 698 F.2d 112, 125 (2d Cir. 1983)).

Plaintiff has failed to name any individuals as Defendants in the caption[2] of his complaint, nor has he alleged any facts demonstrating how any individuals are/were personally involved in any alleged violations of Plaintiff's federal constitutional rights, or as supervisors, have/had actual or constructive notice of any alleged violations of Plaintiff's federal constitutional rights and demonstrated gross negligence or deliberate indifference by failing to act. In light of Plaintiff's *pro se* status, Plaintiff is directed to submit an amended complaint wherein he alleges facts demonstrating how individual Defendants are/were personally involved in any alleged violations of his federal constitutional rights, or as supervisors, have/had actual or constructive notice of any alleged violations of his federal constitutional rights and demonstrated gross negligence or deliberate indifference by failing to act with respect to such violations. Such individuals should be named as Defendants within the caption of his amended complaint.

---

[2] Infra note 3.

2

## Plaintiff's § 1983 Claims Against Defendant County of Sullivan

Unlike Defendant Sullivan County Jail, Defendant County of Sullivan, as a municipality, is considered to be a "person" with respect to claims raised against it under § 1983. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978). To the extent Plaintiff raises § 1983 claims against Defendant County of Sullivan, Plaintiff must submit an amended complaint as such claims cannot be maintained in their current form. A § 1983 plaintiff alleging violations of his federal constitutional rights on the part of a municipality, such as Defendant County of Sullivan, or one of its municipal agencies, must allege facts demonstrating the existence of an officially adopted policy or custom of that municipality that caused that plaintiff's injury and a direct and deliberate causal connection between that policy or custom and the violations of that plaintiff's federal constitutional rights. Bd. of County Comm'rs of Bryan County, OK v. Brown, 520 U.S. 397, 403-04 (1997); Monell, 436 U.S. at 694; see also Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) (stating that a mere assertion of a custom or policy is not sufficient to sustain a § 1983 claim against a municipal defendant in the absence of allegations of fact). A plaintiff is prohibited from seeking relief under § 1983 against a municipality under a theory of *respondeat superior*. See Monell, 436 U.S. at 691.

Plaintiff's complaint contains allegations regarding the actions and/or inaction of correction officers employed by Defendant County of Sullivan and assigned to the Sullivan County Jail. It is unclear from Plaintiff's complaint, however, whether Plaintiff alleges the existence of an officially adopted policy or custom on the part of Defendant County of Sullivan, and/or one of its agencies, that is causing or has caused Plaintiff injury and whether there is/was a direct and deliberate causal connection between that policy or custom and the alleged violations of Plaintiff's federal constitutional rights. In light of Plaintiff's *pro se* status, he is granted leave to submit an amended complaint wherein he alleges facts demonstrating how a policy or custom of Defendant County of Sullivan and/or one of

3

its agencies is causing or has caused Plaintiff injury and how it has or had a direct and deliberate causal connection to the alleged violations of Plaintiff's federal constitutional rights.

## Law Library Claims

To the extent Plaintiff raises § 1983 claims, alleging that his federal constitutional rights are/were violated by correction officers assigned to the Sullivan County Jail when they allegedly impede or impeded Plaintiff's access to that jail's law library, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) ("the pleadings of a *pro se* plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest'") (citation omitted), Plaintiff must submit an amended complaint as such claims cannot be maintained in their current form. In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. However, the means with which prisoners can seek access to the courts can be limited to "those that the [prisoner] need[s] in order to attack [his] sentence[], directly or collaterally, and in order to challenge the conditions of [his] confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of . . . incarceration." Lewis v. Casey, 518 U.S. 343, 355 (1996) (italics in original); Bourdon v. Loughren, 386 F.3d 88, 89 n.1 (2d Cir. 2004) ("The constitutional right of access to the courts assures that prisoners, including pretrial detainees, have the tools they need in order to defend against criminal charges, attack their convictions and sentences (directly or collaterally), and bring civil rights claims challenging the conditions of their confinement."). Furthermore, a plaintiff alleging that his right to access to the courts has been violated must allege facts demonstrating that he has suffered actual injury with respect to such litigation. See

4

Lewis, 518 U.S. at 349-55; Cancel v. Goord, No. 00 Civ. 2042 (LMM), 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001) ("[I]n order to survive a motion to dismiss a plaintiff must allege . . . that the defendant's actions resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim.") (citing Lewis, 518 U.S. at 351).

Plaintiff has failed to allege facts in his complaint demonstrating how any alleged impediment to Plaintiff's access to the Sullivan County Jail law library by correction officers resulted in actual injury to any litigation in which Plaintiff is/was defending himself with respect to any criminal charges brought against him, challenging a sentence, or challenging the conditions of his confinement. Thus, in light of Plaintiff's *pro se* status, Plaintiff must submit an amended complaint wherein he alleges facts demonstrating how he has suffered any actual injury with respect to any litigation wherein he is/was defending himself with respect to any criminal charges brought against him, challenging a sentence, or challenging the conditions of his confinement, which can be attributed to any impediment to his access to the Sullivan County Jail law library brought upon him by the abovementioned correction officers.

### LEAVE TO AMEND

Accordingly, Plaintiff is granted leave to submit an amended complaint in compliance with the instructions above, within sixty (60) days of the date of this order. Plaintiff must provide, in his amended complaint, a short and plain statement of the relevant facts supporting each claim against each Defendant named in its caption.[3] To the greatest extent possible, Plaintiff's amended complaint must:

---

[3] If Plaintiff cannot identify an individual he wishes wish to add as a Defendant to his amended complaint within the time allowed in this order, he may designate an individual Defendant as "John Doe #1" or "Jane Doe #1," along with descriptive information within the caption of his amended complaint. For example, *John Doe #1, Sullivan County Jail Correction Officer on duty on July 6, 2006 and assigned to Housing Unit C-Block.* The caption is the heading or title of the action. It is always on the first page of a complaint and lists all the

(a) give the names and titles of all relevant persons;

(b) describe all relevant events, stating the facts that support Plaintiff's case including what each Defendant did or failed to do;

(c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

(d) give the location where each relevant event occurred;

(e) describe how each Defendant's acts or failure to act violated Plaintiff's rights and describe the injuries Plaintiff suffered;

(f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federal constitutional rights; what facts show that his federal constitutional rights were violated; when such violation(s) occurred; where such violation(s) occurred; and why Plaintiff is entitled to relief.

Should Plaintiff decide to submit an amended complaint, it must be submitted to the Court's *Pro Se* Office within sixty (60) days of the date of this order, be captioned as an "AMENDED COMPLAINT," and bear the same docket number as is listed on the first page of this order.[4] No summons shall issue at this time and all further proceedings shall be stayed for sixty (60) days or until Plaintiff has complied with this order. Plaintiff is advised that any amended complaint submitted will completely replace, not

---

plaintiffs and all the defendants, separating each group with a "v" or an "against." Plaintiff is advised, however, that the naming of "John Doe" or "Jane Doe" Defendants does not toll the statute of limitations period governing actions brought under § 1983, and that he shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" Defendants and amending his complaint to identify any "John Doe" or "Jane Doe" Defendants before the statute of limitations period expires. See Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993) ("It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations[.]").

[4] An amended complaint form is attached to this order for Plaintiff's convenience. Plaintiff may use this form in order to comply with this order.

supplement, the original complaint. Therefore, any allegations and/or claims Plaintiff wishes to

preserve must be included in his amended complaint. If Plaintiff fails to comply with this order within

the time allowed, or fails to show good cause why he is unable to comply, this action will be dismissed

without prejudice. Once submitted, the amended complaint shall be reviewed for compliance with this

order and substantive sufficiency and then, if proper, the case shall be reassigned to a district judge in

accordance with the procedures of the Clerk's Office. The Court certifies that any appeal from this

order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
KIMBA M. WOOD
Chief Judge

Dated:   AUG 2 8 2007
         New York, New York

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

EARL HAYES,

                                        Plaintiff,

            -against-

SULLIVAN COUNTY
JAIL, COUNTY OF
SULLIVAN,

                                        Defendants.
———————————————————————X

**CIVIL JUDGMENT**

07 Civ. 7667 (KMW)

     By order dated August 28, 2007, plaintiff was directed to submit an amended complaint

within sixty (60) days of the date of that order.  Given that plaintiff failed to file an amended

complaint as specified, it is,

     ORDERED, ADJUDGED AND DECREED:  That the complaint is dismissed without

prejudice.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's

order would not be taken in good faith.

                                        KIMBA M. WOOD
                                        Chief Judge

Dated: DEC 1 2 2007
            New York, New York

THIS DOCUMENT WAS ENTERED ON THE DOCKET ON _12/12/07_.

MICROFILMED
DEC 1 3 2007 — 9 ⁰⁰ AM

DEP...
DEC 19 2007
PRO SE OFFICE

Mr. Earl Hayes 07-A-4800
Franklin Correctional Facility
62 Bare Hill Road - P.O. Box 10
Malone, New York 12953

Pro Se Clerk's Office
United States District Court
500 Pearl Street
New York, New York 10007

December 14, 2007

RE: Earl Hayes v. Sullivan County Jail etal.,
    07-CV-7667 (KMW)

Dear Sir/Madam:

Enclosed please find a copy of my Amended Complaint, as per the Order of Honorable Wood.

Please also note my change of address, as indicated above.

Would you kindly acknowledge your receipt of my correspondence. Thank you in advance for your time and attention.

Very truly yours,
Earl Hayes
EARL HAYES

PRO SE OFFICE

United States District Court
Southern District of New York
                                                    X
Earl Hayes,    Plaintiff,

AMENDED COMPLAINT

- against -

07-CV-7667 (KMW)

Sullivan County Jail,
County of Sullivan, Defendants.    X

## STATEMENT OF FACTS

On October 26, 2005 I was approached by Sullivan County Sheriff's Dept. Detective Jason Gorr in the parking lot at Wal-Mart in the Town of Thompson, County of Sullivan, State of New York.

Det. Gorr attempted to question me and I told him that I did not want to be bothered, and I attempted to turn away from him and walk away.

Det. Gorr grabbed me by my arm, struck me in my chest with a clinched fist and refused to let me leave.

I was arrested and charged with aggravated unlicensed operator and taken to the Sullivan County Sheriff's Dept. StationHouse.

Upon arriving at the stationHouse, I told an unknown male white individual (who appeared to be a supervisor) that Det. Gorr had physically assaulted me, and that I wanted to file a formal complaint.

The unknown John Doe supervisor ignored me and I was placed in a Holding cell.

- 2 -

Approximately two hours later (approx. 5:00 PM) I began experiencing chest pains and I brought this to the attention of other John Doe officers who were within earshot to me.

I requested medical attention, but my requests were ignored.

Sometime early the next morning (maybe 6:00 AM) I began having very sharp pains in the left side of my chest. I felt cold and my finger-tips became numb.

I began yelling for help and I was taken to Catskill Regional Medical Center in Harris, New York.

The medical staff performed a number of tests on me and, although they ruled out a heart attack, they decided to hold me overnight for observation.

The next day (Friday October 28, 2005) I was released from the hospital and taken to the Sullivan County Jail.

When I arrived at the jail, I was "booked" into the facility through the booking room.

Deputy Danzer (note: He was a deputy at the time, but he was a sergeant when I was transferred to state custody on August 31, 2007) was the booking room officer, and I told him that I had been assaulted by a detective from the Patrol Division and that I wanted to file a formal complaint against the detective.

Once again my communication of my desire to file a formal complaint fell on deaf ears.

I was booked into the jail and sent to "A-Block" (the medical block).

Deputy Duffy was working A-Block, and I told Him that I had been assaulted by a detective from the Patrol Division, and that I wanted to file a formal complaint.

Deputy Duffy told me that there wasn't anything that he could do for me.

Corporal Gardner did a walking tour of A-Block a short while later, and I told Him the same thing that I had told Officers Danzer and Duffy. I told Corporal Gardner that I wanted to speak to Internal Affairs or the Public Integrity Officer or someone who served in a similar capacity.

The corporal told me that he would see what he could do.

On Saturday October 29, 2005 Cpl. Gardner did another walking tour of A-Block. I spoke to Him and reiterated my desire to file the formal complaint against Det. Gorr.

The corporal again told me that He'd see what he could do.

I submitted a grievance on the matter and Deputy L. Allen spoke to me a few days later and told me that the department did not have an Internal Affairs Division or Public Integrity Officer and she also told me that I could not grieve the fact that the department was lacking in those respects.

I followed that up by writing a detailed letter to the jail administration, specifically Colonel Smith, explaining how I had been assaulted, and indicating my desire to file a formal complaint.

I stated that the episode had been captured by surveillance cameras and I told the colonel that the investigation should include a review of the video footage.

I never received any feedback from Colonel Smith or anybody else.

During the course of my incarceration I submitted several grievances about my being placed in a position to choose between going to the Law Library or going to Recreation.

There had been countless instances where I was denied access to one of the two and I wanted the situation rectified.

If I was at Recreation and they called me for the Law Library then I had to give up my right to Recreation to go to the Law Library or else forfeit my right to go to the Law Library if I wanted to continue with Recreation.

The same thing applied if the circumstances were inverted.

There were other times when I would not even be given an option. For instance, there were times when, after returning to the cell block after Recreation, I asked the Housing officer if I had been called for Law Library, and I was told, "Yeah, you got called down, but you were at Rec."

In those instances I would ask the officer to send me down and I would be told that I had already refused to go to the Law Library.

There were also instances when the same thing happened under reverse circumstances.

I also submitted grievances regarding the Law Library submission / request / call-out procedure.

There were many instances when I submitted requests to go to the Law Library but I was not called to go.

In those cases I was told that the Law Library officer did not receive a request from me.

I had a problem with the process, and I stated that in my grievances.

-5-

A brief description of the process is necessary.

When a prisoner wants to go to the law library (s)he asks the Housing unit officer for a law library slip, which the prisoner fills out and returns to the Housing unit officer.

The Housing unit officer is supposed to take the completed law library request slips to the Administration Office and drop them off or put them somewhere where the law library officer will get them the next morning.

The law library officer would then call the prisoners down to the law library the day after the prisoner submitted his/her request.

There were instances where the Housing unit officer failed to turn in the request slips.

Officers might put the slip(s) in their pocket and inadvertently take the slip(s) home with him/her.

Or the officer might put the slip(s) in the desk drawer and forget about them.

Or if the officer didn't particularly like a prisoner for whatever reason(s), the officer might throw the slip in the trash can.

I suggested that a "law library request receptacle" be placed on each Housing unit and emptied at a designated time each day to ensure that it is received by the law library officer.

The facility failed to take action on the matter, so I wrote a letter directly to Col. Smith wherein I expressed my dissatisfaction and even threatened to bring a lawsuit.

I failed to receive any response/feedback from Col. Smith or anyone designated to act on his behalf.

-6-

In early June 2006 I was scalded in my genital region while in the shower on Tier C-Left-2 (CL2) on C-Block in the jail.

The scalding occurred when the water temperature instantaneously went from warm to scalding hot.

I jumped from under the water and immediately requested medical attention. The housing unit officer laughed off my injury and he seemed to think that I was joking around.

A prisoner who was showering on Tier C-Left-1 (CL1), at the exact same time as me, was scalded by the water as well. I believe that he was burned on his back and/or neck.

I wrote down the date of the incident and the name of the officer that was working at the time in question.

The paper containing the information disappeared during a search (shakedown) of my tier.

I believe that there may be a record of the other prisoner's injury because I believe that he sought and received medical treatment for his injury. In that case, the housing unit officer would have made an entry into the C-Block log book regarding the incident.

I submitted two written requests for medical attention but I was never called down to the medical unit.

I subsequently submitted a "Notice of Intent" to the Sullivan County Attorney which was acknowledged in writing.

I filed a grievance regarding sub-standard medical treatment in general, and my failure to receive medical treatment for my scalding injury in particular.

I never got any feedback on it.

I mentioned my concerns about the general medical treatment of the prison population (and my particular lack of treatment) in my correspondence to Col. Smith.

I also filed a grievance about the grievance process itself.

I stated that "the system" was set up to discourage prisoners from filing grievances. I elaborated like this:

When a prisoner wants to file a grievance (s)he must request a grievance form from an officer.

The officer asks what you want to grieve, which is a legitimate question since the officer may be able to resolve the matter without the need for a grievance.

When the prisoner responds to the officer's inquiry, the officer might tell the prisoner that there are no more grievance forms on the block (cell block). Or the officer might tell the prisoner that the facility has 24 (or even 48) hours to provide the prisoner with the grievance form. Or the officer might tell the prisoner that there aren't any grievance forms in the entire jail.

Although I used the term "might" in the examples above, each of those examples were experienced by me first-hand.

It is customary for the officers to offer resistance when they learn that the grievance will address conduct attributable to that particular officer.

I have met resistance when I wanted to grieve an officer who told the law library or recreation officer that I had refused to go to either of those places.

I have also met resistance when the housing unit officer failed to tell me that I had a visit and left my visitor(s) sitting in the visiting room for over an hour before I came down.

Abuse of the process also occurs when officers who are the subject of the grievance fail to turn it in. (Note: Prisoners must turn the grievance in to an officer, who then delivers it to the appropriate location/individual(s))

An officer who is the subject of the grievance can read the grievance and then simply throw it away.

The prisoner may attempt to circumvent this by retaining the grievance until the officer leaves, or by waiting until the offending officer leaves before requesting the grievance.

The fact remains that the prisoner MUST TURN THE grievance IN TO AN OFFICER, WHO CAN READ IT, and discard it in order to protect a fellow officer.

I suggested that a "grievance receptacle" be placed in every housing unit, and that the same be emptied at least once a day by a SUPERIOR OFFICER.

My grievance went unanswered.

I mentioned my experiences with the abuses of the grievance process in my correspondence to Col. Smith.

I have written Col. Smith on several occasions and I never even received an acknowledgement of his receipt of any of my letters, let alone a reply to the substance of the letters.

I also submitted a grievance regarding the inadequacy of the law library and I mentioned the same in my correspondence to Col. Smith.

The law library is antiquated and lacking many of the books, periodicals, etc., that are mandated to meet "Minimum Requirements" of an adequate library.

The New York Supplement 2nd Series is the only series containing case law that is available in the library, and that series ends at volume 595, which contains cases from 1994.

There are no Federal Supplements, 1st or 2nd Series.

There are no Federal Reporters, 2nd or 3rd Series.

There are no Supreme Court Reports.

There are no federal or state Shepards.

No New York Law Journals.

No Jailhouse Lawyer's Manual.

Nobody is interested in bringing the library up to date.

A simple computer feed from the Sullivan County Courthouse right next door would rectify the deficiencies regarding the availability of case law.

The other books could be purchased and updated as necessary.

A subscription to the New York Law Journal could be purchased and renewed.

The inadequacy of the law library had an adverse affect on my criminal case which led to my present confinement.

I have personally suffered irreparable harm and all prisoners who are presently held at the jail are being denied due process, as well as those who will be confined there in the future under the current conditions.

These deficiencies were also the subject of grievances by myself and others, and the matter was mentioned in my correspondence to Col. Smith, with negative results.

Dated: Malone, New York
        December 14, 2007

Earl Hayes

Earl Hayes, Plaintiff Pro Se

**Full docket text for document 6:**

ORDER; that the Clerk of Court is directed to have Plaintiffs amended complaint filed, and it is directed that the date of amended complaints filing be recorded as being that of 12/19/07. The Courts within mentioned 12/12/07 judgment is vacated, and this action is reopened. The Clerk of Court is further directed to issue a summons with respect to this action wherein the sole defendant listed is Defendant County of Sullivan. The Clerk of Court is also directed to reassign this action I accordance with the procedures of the Clerks Office. The Court certifies that any appeal from this order would not be taken in good faith. (Signed by Judge Kimba M. Wood on 4/02/08) (pl)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/20/2008 15:53:24 | | | |
| **PACER Login:** | dd0429 | **Client Code:** | Optional for PACER use only |
| **Description:** | History/Documents | **Search Criteria:** | 7:07-cv-07667-KMK-MDF |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- X
EARL HAYES,                        :
                                   :
                   Plaintiff,      :    07 Civ. 7667 (VM)
                                   :
   - against -                     :    ORDER FOR REASSIGNMENT
                                   :    TO WHITE PLAINS
SULLIVAN COUNTY JAIL,              :
                                   :
                   Defendant.      :
---------------------------------- X
```

**VICTOR MARRERO, United States District Judge.**

In reviewing the complaint filed in this matter the Court notes that plaintiff Earl Hayes("Hayes") asserts that he is a resident of the Sullivan County Jail (the "County Jail") and that defendants Sullivan County Jail and Sullivan County are governmental entities of the State of New York. The complaint indicates that the events giving rise to the claims asserted in the underlying action occurred as a result of injuries Hayes allegedly suffered by reason of conditions at the County Jail and the conduct of certain officers at the County Jail. It therefore appears that in whole or in major part this action arose in Sullivan County and that all or substantial parts of the material events, documents, persons and potential witnesses related to this action are located in Sullivan County. Accordingly, pursuant to Rule 22 of the Rules for the Division of Business Among District Judges, in the interest of justice and sound judicial administration, it is hereby

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-8·08

**ORDERED** that the Clerk of Court is directed to reassign this case to White Plains.

**SO ORDERED.**

Dated:    NEW YORK, NEW YORK
          8 April 2008

VICTOR MARRERO
U.S.D.J.