ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

EARL HAYES,                                        :

       Plaintiff,                               :        ORDER

       -against-                                :        07 Civ. 7667 (KMK)

COUNTY OF SULLIVAN, et al.,                        :

       Defendants.                              :

-----------------------------------------------------------------x

LISA MARGARET SMITH, United States Magistrate Judge.

    This matter was referred to the Honorable Mark D. Fox, United States Magistrate Judge, for general pretrial supervision, on April 30, 2008. Judge Fox retired on August 5, 2008, and his replacement has yet to be appointed. Where action by a Magistrate Judge is necessary prior to the appointment of the new Magistrate Judge, such action shall be undertaken by the undersigned, and the matter will be assigned to the new Magistrate Judge thereafter. Plaintiff has sent a letter to the Court dated August 1, 2008, in which he seeks: (1) to suspend the pending motion to dismiss indefinitely; (2) the Court's assistance to locate an attorney "who might be willing to offer me some assistance in a pro bono capacity;" (3) and permission to file a second amended complaint adding additional defendants.[1] I address those issues *seriatim*. Defendants' counsel has opposed the requested relief by letter dated August 12, 2008.

    (1) Plaintiff states that he is in a minimum security facility, Lyon Mountain Correctional Facility, and that this facility's law library "does not contain any material on federal

---

[1] Plaintiff actually informs the Court that he has decided to "submit a second amended complaint", but pursuant to FED. R. CIV. P. 15, he may do so only with consent of defendants or leave of court. A copy of Rule 15 is included with the copy of this Order sent to Plaintiff.

Copies mailed / handed / faxed to counsel  8/12/08

jurisprudence." Letter of August 1, 2008, at p. 1. He argues that he is therefore unable to respond to the pending motion, and he seeks to have it "suspended indefinitely." Id. at p. 2.

The undersigned has confirmed that the law library at Lyon Mountain Correctional Facility is not fully stocked with all materials pertinent to federal litigation. The library staff reports that the library contains certain parts of the U.S. Code, and some federal reporters. This likely is not sufficient to permit Plaintiff to respond to the pending motion. The litigation currently pending does not include the State or the Department of Corrections as a party, and therefore the Court is not now in a position to direct the State to provide more materials to Plaintiff.[2]

In assessing how to deal with Plaintiff's letter motion the undersigned reviewed the Defendants' pending Motion to Dismiss. It is not extensive. An initial, cursory review of the arguments leads to the initial conclusion that Points I, II, and IV are unlikely to persuade the Court to grant the motion to dismiss, although of course this observation does not constitute either a decision or a Report and Recommendation on those portions of the motion. As to Point III, I will deal with it more fully in section (3), below.

---

[2] Directive 4483 issued by the New York State Department of Correctional Services provides for inmates to obtain materials that are in the State Library, but are not in the collection of the facility in which the inmate is housed. "The New York State Library offers inmates access to the resources held in its legal collection through the Prisoner Services Project (PSP)." NYS DOCS Directive 4483, Section IV. However, it is noted that "[t]he PSP will not fill requests for materials that should be held by the facility Law Library." Id. Plaintiff may therefore seek assistance from the Library staff at Lyon Mountain Correctional Facility to have access to materials through PSP. In the event that PSP does not fill Plaintiff's requests because the requested materials should be but are not in the Lyon Mountain C.F. Law Library, then Plaintiff may make formal application, with notice to Defendants and to DOCS, to require DOCS to provide Plaintiff with requested relevant materials. Plaintiff may wish to show a copy of this Order to the Library staff in connection with any request for legal materials.

Of course, a prisoner is just like anyone else, and is therefore entitled to access to the courts. "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983). The Constitution therefore guarantees that prisoners, like all citizens, have a reasonable and adequate opportunity to raise constitutional claims before impartial judges. See, e.g., Lewis v. Casey, 518 U.S. 343, 351 (1996). Moreover, access to the courts is a fundamental right. Id. at 346. In order for a *pro se* incarcerated litigant to have a realistic opportunity to pursue such claims, that litigant must have some access to the relevant governing laws and case law.

Defendants have raised a number of points in their Motion to Dismiss, and have cited it a number of Rules, Statutes, and cases in support thereof. Although Plaintiff may be able to obtain copies of those Rules, Statutes, and cases through the DOCS PSP program, see note 2, *supra*, it is likely that such a process will cause unnecessary delay. Therefore, in order for Plaintiff to have the necessary legal information to oppose the Defendants' Motion to Dismiss, it is Ordered that Defendants' counsel shall, within 30 days of the date of this Order, provide to Plaintiff copies of all Rules, Statutes, and cases cited in Defendants' Memorandum of Law dated June 26, 2008, as well as copies of all Rules, Statutes, and cases cited in Judge Wood's Order dated August 28, 2007 (docket item #3).[3] This information should be adequate to permit Plaintiff to make a submission in opposition to the pending motion. Plaintiff is granted 60 days thereafter (that is, 90 days from the date of this Order) to submit his opposition to the pending Motion to Dismiss.

---

[3] If Defendants choose to withdraw any of the Points in their Motion, then copies of the Rules, Statutes, and cases cited only in the withdrawn Point or Points need not be provided to Plaintiff.

(2) I will consider Plaintiff's letter as constituting an application for appointment of counsel from the *pro bono* panel. The Court of Appeals has instructed district courts to exercise discretion in disposing of applications for *pro bono* counsel by evaluating the likelihood of success on the merits of the claim(s). See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994); Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). If the application meets this threshold requirement, the district court should further consider "plaintiff's ability to obtain representation independently, and his [or her] ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.,2d 170, 172 (2d Cir. 1989); see Hendricks v. Coughlin, 114 F.3d 390 (2d Cir. 1997); Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994).

The allegations in Plaintiff's Complaint are: that Plaintiff was assaulted by Sullivan County Sheriff's Department Jason Gorr, and that his efforts thereafter (following his arrest by Detective Gorr) to complain about the assault and the resulting chest pain were rejected or ignored by an unknown Sheriff's Department supervisor, other Sheriff's Department officers, Sullivan County Jail Deputy (later Sergeant) Danzer, Deputy Duffy, Corporal Gardner, Deputy Allen, and Colonel Smith; that Plaintiff was repeatedly denied access to the law library; that Plaintiff, as well as at least one other prisoner, were scalded while showering and then was denied medical attention; that the grievance process in the Sullivan County Jail is subject to abuse by officers who intentionally deny prisoners access to the grievance process, or discard grievances that have been prepared; and that the law library is inadequate and fails to meet "minimum requirements" of a law library, which, in Plaintiff's case, "had an adverse affect [sic]

on [Plaintiff's] criminal case which led to [his] present confinement." Amended Complaint at pages 8 and 9.

These allegations in the Amended Complaint are sufficiently clear and cogent to support the conclusion that Plaintiff is capable of pursuing his case on his own behalf. The allegations are not so complex that counsel is necessary in order for Plaintiff to be heard.

With respect to the other factors enumerated in Cooper, plaintiff has offered only the expectation that he will "make every effort to seek out the assistance of an attorney[.]" August 1, 2008 letter at p. 2. There is no indication that he has actually made any efforts to obtain counsel to represent him. Plaintiff's other submissions to the Court are well written, leading the Court to conclude that he is of sufficient intelligence and sophistication to grasp the issues presented by this case, and to handle the initial discovery. While there are certain aspects of this type of case that could be complex, the true complexity of the case cannot be assessed at this early stage.

Based on the foregoing, plaintiff's application for appointment of counsel from the *pro bono* panel is denied subject to reconsideration on plaintiff's renewed motion if the products of discovery and subsequent proceedings indicate that this litigation is sufficiently meritorious to survive to trial. See Fitzgerald v. McKenna, 95 Civ. 9075 (DAB)(HBP), 1996 Westlaw 715531 at *2 (S.D.N.Y. Dec. 11, 1996); Velasquez. v. O'Keefe, 899 F. Supp. 972, 974 (N.D.N.Y. 1995); Coronado v. Lefevre, 886 F. Supp. 220, 222 n.3, 225-56 n.8 (N.D.N.Y. 1995); Bowman v. Steinberg, 88 Civ. 5989 (PKL), 1989 Westlaw 115958 (S.D.N.Y. Sept. 27, 1989).

(3) Plaintiff also seeks to serve and file a Second Amended Complaint, to add certain

individuals as Defendants.[4] In order for the Court to assess such an application, a copy of the proposed Second Amended Complaint must be appended to the application, and a copy must be sent to defense counsel to permit defense counsel to submit opposition to the application. Plaintiff is therefore granted 30 days from the date of this Order to submit his application for permission to file a Second Amended Complaint adding individual defendants, which must attach a proposed Second Amended Complaint. Such a submission may resolve some of the concerns raised in Point III of the pending Motion to Dismiss. Defendants may have 21 days thereafter (51 days from the date of this Order) to submit opposition, if any.

IT IS THEREFORE ORDERED that Plaintiff's application to stay the pending Motion to Dismiss indefinitely is denied. It is also Ordered that Defendants' counsel shall, within 30 days of the date of this Order, provide to Plaintiff copies of all Rules, Statutes, and cases cited in their Memorandum of Law dated June 26, 2008, as well as copies of all Rules, Statutes, and cases cited in Judge Wood's Order dated August 28, 2007 (docket item #3). Plaintiff is granted 60 days thereafter (that is, 90 days from the date of this Order) to submit his opposition to the pending Motion to Dismiss. Plaintiff's application for appointment of counsel is denied without prejudice. Plaintiff's application to file a Second Amended Complaint is stayed, pending submission of a formal application, with a copy of the Proposed Second Amended Complaint

---

[4] Defendants' counsel specifically opposes this part of Plaintiff's application, on the ground that he was given an opportunity to file an amended complaint by Judge Wood's Order of August 28, 2007, and that the previously filed amended complaint does not adequately resolve the various problems previously addressed in that Order. Of course, the Court should freely grant leave to amend a complaint when justice requires it. FED. R. CIV. P. 15(a)(2). Where a litigant is proceeding *pro se*, the Court grants greater leeway than would be accorded to a represented party on issues such as amending pleadings. Of course, this does not represent any decision on the anticipated motion to amend.

appended, which shall be done within 30 days of the date of this Order. Defendants may submit opposition to a motion to file a Second Amended Complaint within 21 days thereafter.

Dated: August 12, 2008
      White Plains, New York

SO ORDERED

_____
Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

Federal Rules of Civil Procedure Rule 15

United States Code Annotated  Currentness
  Federal Rules of Civil Procedure for the United States District Courts  (Refs & Annos)
    Title III. Pleadings and Motions
      ➡ Rule 15. Amended and Supplemental Pleadings

**(a) Amendments Before Trial.**

  **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course:

    **(A)** before being served with a responsive pleading; or

    **(B)** within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

  **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

  **(3)** *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later.

**(b) Amendments During and After Trial.**

  **(1)** *Based on an Objection at Trial.* If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

  **(2)** *For Issues Tried by Consent.* When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

**(c) Relation Back of Amendments.**

  **(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

    **(A)** the law that provides the applicable statute of limitations allows relation back;

    **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

    **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

      **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

**(2) *Notice to the United States.*** When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

**(d) Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

CREDIT(S)

(Amended January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; March 2, 1987, effective August 1, 1987; April 30, 1991, effective December 1, 1991; amended by Pub.L. 102-198, § 11, December 9, 1991, 105 Stat. 1626; amended April 22, 1993, effective December 1, 1993; April 30, 2007, effective December 1, 2007.)

ADVISORY COMMITTEE NOTES

1937 Adoption

See generally for the present federal practice, [former] Equity Rules 19 (Amendments Generally), 28 (Amendment of Bill as of Course), 32 (Answer to Amended Bill), 34 (Supplemental Pleading), and 35 (Bills of Revivor and Supplemental Bills--Form); U.S.C. Title 28, § 399 [now 1653] (Amendments to show diverse citizenship) and [former] 777 (Defects of form; amendments). See *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 28, r. r. 1-13; O. 20, r. 4; O. 24, r. r. 1-3.

**Note to Subdivision (a).** The right to serve an amended pleading once as of course is common. 4 Mont.Rev.Codes Ann. (1935) § 9186; 1 Ore.Code Ann. (1930) § 1-904; 1 S.C.Code (Michie, 1932) § 493; *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 28, r. 2. Provision for amendment of pleading before trial, by leave of court, is in almost every code. If there is no statute the power of the court to grant leave is said to be inherent. Clark, *Code Pleading* (1928), pp. 498, 509.

**Note to Subdivision (b).** Compare [former] Equity Rule 19 (Amendments Generally) and code provisions which allow an amendment "at any time in furtherance of justice," (e.g., Ark.Civ.Code (Crawford, 1934) § 155) and which allow an amendment of pleadings to conform to the evidence, where the adverse party has not been misled and prejudiced (e.g., N.M.Stat.Ann. (Courtright, 1929) §§ 105-601, 105-602).

**Note to Subdivision (c).** "Relation back" is a well recognized doctrine of recent and now more frequent application. Compare Ala.Code Ann. (Michie, 1928) § 9513; Smith-Hurd Ill.Stats. ch. 110, § 170(2); 2 Wash.Rev.Stat.Ann. (Remington, 1932) § 308-3(4). See U.S.C., Title 28, § 399 [now 1653] (Amendments to show diverse citizenship) for a provision for "relation back".

**Note to Subdivision (d).** This is an adaptation of former Equity Rule 34 (Supplemental Pleading).

1963 Amendment

Rule 15(d) is intended to give the court broad discretion in allowing a supplemental pleading. However, some cases, opposed by other cases and criticized by the commentators, have taken the rigid and formalistic view that where the original complaint fails to state a claim upon which relief can be granted, leave to serve a supplemental complaint must be denied. See *Bonner v. Elizabeth Arden,*

*Inc.,* 177 F.2d 703 (2d Cir. 1949); *Bowles v. Senderowitz,* 65 F.Supp. 548 (E.D.Pa.), rev'd on other grounds, 158 F.2d 435 (3d Cir. 1946), cert. denied, *Senderowitz v. Fleming,* 330 U.S. 848, 67 S.Ct. 1091, 91 L.Ed. 1292 (1947); cf. *LaSalle Nat. Bank v. 222 East Chestnut St. Corp.,* 267 F.2d 247 (7th Cir.), cert. denied, 361 U.S. 836, 80 S.Ct. 88, 4 L.Ed.2d 77 (1959). But see *Camilla Cotton Oil Co. v. Spencer Kellogg & Sons,* 257 F.2d 162 (5th Cir. 1958); *Genuth v. National Biscuit Co.,* 81 F.Supp. 213 (S.D.N.Y.1948), app. dism., 177 F.2d 962 (2d Cir. 1949); 3 Moore's *Federal Practice* ¶15.01[5] (Supp.1960); 1A Barron & Holtzoff, *Federal Practice & Procedure* 820-21 (Wright ed. 1960). Thus plaintiffs have sometimes been needlessly remitted to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief.

Under the amendment the court has discretion to permit a supplemental pleading despite the fact that the original pleading is defective. As in other situations where a supplemental pleading is offered, the court is to determine in the light of the particular circumstances whether filing should be permitted, and if so, upon what terms. The amendment does not attempt to deal with such questions as the relation of the statute of limitations to supplemental pleadings, the operation of the doctrine of laches, or the availability of other defenses. All these questions are for decision in accordance with the principles applicable to supplemental pleadings generally. Cf. *Blau v. Lamb,* 191 F.Supp. 906 (S.D.N.Y.1961); *Lendonsol Amusement Corp. v. B. & Q. Assoc., Inc.,* 23 F.R.Serv. 15d.3, Case 1 (D.Mass.1957).

**1966 Amendment**

Rule 15(c) is amplified to state more clearly when an amendment of a pleading changing the party against whom a claim is asserted (including an amendment to correct a misnomer or misdescription of a defendant) shall "relate back" to the date of the original pleading.

The problem has arisen most acutely in certain actions by private parties against officers or agencies of the United States. Thus an individual denied social security benefits by the Secretary of Health, Education, and Welfare may secure review of the decision by bringing a civil action against that officer within sixty days. 42 U.S.C. § 405(g) (Supp. III, 1962). In several recent cases the claimants instituted timely action but mistakenly named as defendant the United States, the Department of HEW, the "Federal Security Administration" (a nonexistent agency), and a Secretary who had retired from the office nineteen days before. Discovering their mistakes, the claimants moved to amend their complaints to name the proper defendant; by this time the statutory sixty-day period had expired. The motions were denied on the ground that the amendment "would amount to the commencement of a new proceeding and would not relate back in time so as to avoid the statutory provision * * * that suit be brought within sixty days * * *" *Cohn v. Federal Security Adm.,* 199 F.Supp. 884, 885 (W.D.N.Y.1961); see also *Cunningham v. United States,* 199 F.Supp. 541 (W.D.Mo.1958); *Hall v. Department of HEW,* 199 F.Supp. 833 (S.D.Tex.1960); *Sandridge v. Folsom, Secretary of HEW,* 200 F.Supp. 25 (M.D.Tenn.1959). [The Secretary of Health, Education, and Welfare has approved certain ameliorative regulations under 42 U.S.C. § 405(g). See 29 Fed.Reg. 8209 (June 30, 1964); Jacoby, *The Effect of Recent Changes in the Law of "Nonstatutory" Judicial Review,* 53 Geo.L.J. 19, 42-43 (1964); see also *Simmons v. United States Dept. HEW,* 328 F.2d 86 (3d Cir. 1964).]

Analysis in terms of "new proceeding" is traceable to *Davis v. L. L. Cohen & Co.,* 268 U.S. 638 (1925), and *Mellon v. Arkansas Land & Lumber Co.,* 275 U.S. 460 (1928), but those cases antedate the adoption of the Rules which import different criteria for determining when an amendment is to "relate back". As lower courts have continued to rely on the *Davis* and *Mellon* cases despite the contrary intent of the Rules, clarification of Rule 15(c) is considered advisable.

Relation back is intimately connected with the policy of the statute of limitations. The policy of the statute limiting the time for suit against the Secretary of HEW would not have been offended by allowing relation back in the situations described above. For the government was put on notice of the claim within the stated period--in the particular instances, by means of the initial delivery of process to a responsible government official (see Rule 4(d)(4) and (5) ). In these circumstances, characterization of the amendment as a new proceeding is not responsive to the realty [sic], but is merely question-begging; and to deny relation back is to defeat unjustly the claimant's opportunity to prove his case. See the full discussion by Byse, *Suing the "Wrong" Defendant in Judicial Review of*

*Federal Administrative Action: Proposals for Reform,* 77 Harv.L.Rev. 40 (1963); see also Ill.Civ.P. Act § 46(4).

Much the same question arises in other types of actions against the government (see *Byse,* supra, at 45 n. 15). In actions between private parties, the problem of relation back of amendments changing defendants has generally been better handled by the courts, but incorrect criteria have sometimes been applied, leading sporadically to doubtful results. See 1A Barron & Holtzoff, *Federal Practice & Procedure* § 451 (Wright ed. 1960); 1 id. § 186 (1960); 2 id. § 543 (1961); 3 *Moore's Federal Practice,* par. 15.15 (Cum.Supp.1962); Annot., *Change in Party After Statute of Limitations Has Run,* 8 A.L.R.2d 6 (1949). Rule 15(c) has been amplified to provide a general solution. An amendment changing the party against whom a claim is asserted relates back if the amendment satisfies the usual condition of Rule 15(c) of "arising out of the conduct * * * set forth * * * in the original pleading," and if, within the applicable limitations period, the party brought in by amendment, first, received such notice of the institution of the action--the notice need not be formal--that he would not be prejudiced in defending the action, and, second, knew or should have known that the action would have been brought against him initially had there not been a mistake concerning the identity of the proper party. Revised Rule 15(c) goes on to provide specifically in the government cases that the first and second requirements are satisfied when the government has been notified in the manner there described (see Rule 4(d)(4) and (5) ). As applied to the government cases, revised Rule 15(c) further advances the objectives of the 1961 amendment of Rule 25(d) (substitution of public officers).

The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. Also relevant is the amendment of Rule 17(a) (real party in interest). To avoid forfeitures of just claims, revised Rule 17(a) would provide that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect in the manner there stated.

1987 Amendment

The amendments are technical. No substantive change is intended.

1991 Amendment

The rule has been revised to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense.

**Paragraph (c)(1).** This provision is new. It is intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law. Generally, the applicable limitations law will be state law. If federal jurisdiction is based on the citizenship of the parties, the primary reference is the law of the state in which the district court sits. *Walker v. Armco Steel Corp.,* 446 U.S. 740 (1980). If federal jurisdiction is based on a federal question, the reference may be to the law of the state governing relations between the parties. *E.g., Board of Regents v. Tomanio,* 446 U.S. 478 (1980). In some circumstances, the controlling limitations law may be federal law. *E.g., West v. Conrail, Inc.,* 107 S.Ct. 1538 (1987). Cf. *Burlington Northern R. Co. v. Woods,* 480 U.S. 1 (1987); *Stewart Organization v. Ricoh,* 108 S.Ct. 2239 (1988). Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim. Accord, *Marshall v. Mulrenin,* 508 F.2d 39 (1st cir.1974). If *Schiavone v. Fortune,* 106 S.Ct. 2379 (1986) implies the contrary, this paragraph is intended to make a material change in the rule.

**Paragraph (c)(3).** This paragraph has been revised to change the result in *Schiavone v. Fortune, supra,* with respect to the problem of a misnamed defendant. An intended defendant who is notified of an action within the period allowed by Rule 4(m) [subdivision (m) in Rule 4 was a proposed subdivision which was withdrawn by the Supreme Court] for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met. If the notice requirement is met within the Rule 4(m) [subdivision (m) in Rule 4 was a proposed subdivision

which was withdrawn by the Supreme Court] period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification. On the basis of the text of the former rule, the Court reached a result in Schiavone v. Fortune that was inconsistent with the liberal pleading practices secured by Rule 8. See Bauer, Schiavone: An Un-Fortune-ate Illustration of the Supreme Court's Role as Interpreter of the Federal Rules of Civil Procedure, 63 Notre Dame L.Rev. 720 (1988); Brussack, Outrageous Fortune: The Case for Amending Rule 15(c) Again, 61 S.Cal.L.Rev. 671 (1988); Lewis, The Excessive History of Federal Rule 15(c) and Its Lessons for Civil Rules Revision, 86 Mich.L.Rev. 1507 (1987).

In allowing a name-correcting amendment within the time allowed by Rule 4(m), this rule allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to that rule, as may be granted, for example, if the defendant is a fugitive from service of the summons.

This revision, together with the revision of Rule 4(i) with respect to the failure of a plaintiff in an action against the United States to effect timely service on all the appropriate officials, is intended to produce results contrary to those reached in Gardner v. Gartman, 880 F.2d 797 (4th Cir. 1989), Rys v. U.S. Postal Service, 886 F.2d 443 (1st Cir. 1989), Martin's Food & Liquor, Inc. v. U.S. Dept. of Agriculture, 14 F.R.D.3d 86 (N.D.Ill.1988). But cf. Montgomery v. United States Postal Service, 867 F.2d 900 (5th Cir. 1989), Warren v. Department of the Army, 867 F.2d 1156 (8th Cir. 1989); Miles v. Department of the Army, 881 F.2d 777 (9th Cir. 1989), Barsten v. Department of the Interior, 896 F.2d 422 (9th Cir. 1990); Brown v. Georgia Dept. of Revenue, 881 F.2d 1018 (11th Cir. 1989).

**1993 Amendments**

The amendment conforms the cross reference to Rule 4 to the revision of that rule.

2007 Amendment

The language of Rule 15 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

Former Rule 15(c)(3)(A) called for notice of the "institution" of the action. Rule 15(c)(1)(C)(i) omits the reference to "institution" as potentially confusing. What counts is that the party to be brought in have notice of the existence of the action, whether or not the notice includes details as to its "institution."

HISTORICAL NOTES

Amendments

1991 Amendments. Subd. (c)(3). Pub.L. 102-198 substituted "Rule 4(j)" for "Rule 4(m)".

Effective and Applicability Provisions

1991 Acts. Section 11(a) of Pub.L. 102-198 amended subd. (c)(3) of this rule, as transmitted to the Congress by the Supreme Court pursuant to section 2074 of title 28, United States Code, to become effective on December 1, 1991.

CROSS REFERENCES

  Jurisdiction, amendment to show, see 28 USCA § 1653.
  Recasting of pleadings on removal of cause, see 28 USCA § 1447.
  Substitution of successor to public officer by supplemental pleading, see Fed.Rules Civ.Proc. Rule 25, 28 USCA.
  Time for service of pleadings, see Fed.Rules Civ.Proc. Rule 12, 28 USCA.